The People of the State of New York *ex rel.* Stephen H. Olin, Assignee, &c., Respondent, *against* George W. Lockwood, Appellant.

(Decided March 1st, 1880.)

An attorney, retained by an assignee for the benefit of creditors, is not entitled to be repaid by him, out of the assigned estate, disbursements made in contesting proceedings to have the debtor adjudicated bankrupt, in which proceedings he appeared as attorney for certain creditors; there being no evidence of any resulting benefit to the creditors generally.

Upon a reference to ascertain the amount due to an attorney for professional services rendered to an assignee for benefit of creditors, where the attorney's claim therefor against the assigned estate is reduced two-thirds in amount, the assignee is to be regarded as the prevailing party, and the costs of the reference should be imposed on the attorney.

Appeal from an order, entered upon the report of a referee appointed to ascertain the amount due from the relator, an

People *ex rel.* Olin *v.* Lockwood.

assignee for benefit of creditors, for professional services rendered by the appellant as attorney. The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—This reference was ordered for the purpose of ascertaining what amount was due by the assignee, Olin, to Lockwood, for professional services rendered by Lockwood to Olin, as assignee, and for disbursements properly incurred by Lockwood in the course of that employment. This gave no authority to find that the assignee was bound to pay out of the assigned estate the disbursements incurred by Lockwood in contesting the proceedings in the United States court, to have Manahan declared an involuntary bankrupt. The assignee did not employ Lockwood to render any such service. Upon Lockwood's own statement, he appeared upon that proceeding as attorney for certain creditors; and he must look for his compensation to those who employed him. The referee allowed it, on the ground that the assignee became the representative of these · creditors; that he came into possession of the property saved by these disbursements, and holds it for the benefit of the creditors, subject to those disbursements; in respect to which, it is sufficient to say that this does not appear from anything in the evidence, so far as the evidence is presented upon this appeal.

I think also that the expense and cost of the reference should have been imposed upon Mr. Lockwood. His bill was reduced about two-thirds in amount; and under such a state of facts, the assignee should be regarded as the prevailing party on the reference.

There is nothing before us but his bill, which, the result has shown, embraced charges which he had no right to make; and that the valuation he put upon his services to compel the United States marshal to deliver up the property, was unreasonable, being reduced, by the referee, nearly one-half.

The order, in my opinion, should be modified by deducting, from the amount ordered to be paid by Mr. Olin, the amount of the disbursements in the United States courts, and the respondent should be charged with the expense of the refer-

ence, without costs of this appeal, as the order is confirmed in part, and reversed in part.

VAN BRUNT, J., concurred.

Order modified accordingly.

An application for a re-argument was subsequently made, but was denied December 6, 1880.